388 S.E.2d 284

**Albert JOHNSON, Joseph Jones and Joseph Lyons**

v.

**CITY OF WELCH and the City of Welch Civil Service Commission.**

No. 18607.

Supreme Court of Appeals of West Virginia.

Dec. 15, 1989.

Kathryn R. Bayless, Princeton, for Albert Johnson, Joseph Jones and Joseph Lyons.

Sarah N. Hall, Welch, for City of Welch and the City of Welch Civil Service Com'n.

PER CURIAM:

This case is before this Court upon the joint appeal of the petitioners, Albert Johnson, Joseph Jones and Joseph Lyons, from an opinion order and an amended opinion order of the Circuit Court of McDowell County, issued on April 16, 1987, and April 27, 1987, respectively. The circuit court also issued additional findings of fact and conclusions of law on October 17, 1988. The orders and additional findings of fact and conclusions of law upheld the decision of the Welch Police Civil Service Commission to discharge the petitioners, who were police officers for the City of Welch. We affirm the decision of the McDowell County Circuit Court.

Petitioners were discharged on three separate dates for unrelated reasons, but raise the same issues on appeal. Albert Johnson was discharged on January 27, 1985, as a result of unexcused absences from work. Johnson had been warned on prior occasions about unexcused absences. The record reflects at least four unexcused absences on separate occasions. Johnson also failed to report to work from January 19, 1985, to January 27, 1985. He is alleged to have been ill during this time period and was treated by a doctor, but he failed to call in sick to the department during the duration of his illness, and never produced a doctor's excuse. The doctor testified before the commission, but was unsure of the dates he had treated him.

Joseph Jones was discharged on February 6, 1985 for unexcused absences and failure to complete paperwork concerning an investigation. The explanation Mr. Jones gave for the failure to complete the report was that his shift had ended and it was his understanding that the officer who completed the investigation on the next shift would prepare the paperwork for the entire investigation. From January 1, 1984, to February 6, 1985, Jones had 17 unexcused absences. One of the absences, occurring on January 24, 1984, was because he claimed to have been too inebriated to perform his duties. On that occasion, he did not call the police department to inform them of his circumstances, claiming he was not near a telephone.

Joseph Lyons was discharged on December 8, 1984. His discharge resulted from the fact that he consumed alcohol while on duty and in uniform on December 5, 1984. He ordered a beer in a restaurant, despite questions by the waitress and the management as to the propriety of his order. He claims he did not drink the beer, but ordered it for his co-worker, Albert Johnson, who was off duty at that time. Both Johnson and Lyons testified to this effect, but Johnson was never seen in the restaurant that evening by employees.

Evidentiary hearings were held before the Welch Police Civil Service Commission. A hearing was held on August 9, 1985, for Albert Johnson, and on September 20, 1985, for Joseph Jones and Joseph Lyons. The Police Civil Service Commission upheld the dismissals of the three officers. The petitioners appealed the decision of the Commission to the McDowell County Circuit Court. The McDowell County Circuit Court affirmed the Commission's decision.

Petitioners raise several issues on appeal in an attempt to reverse the decision of the Welch Police Civil Service Commission and the McDowell County Circuit Court.

■ The first argument raised by petitioners is that there was no Police Civil Service Commission in effect at the time of the officers' dismissals, and therefore the commission possessed no power to discharge the officers. We find that there was a Police Civil Service Commission in operation in Welch at the time of the officers' dismissals.

West Virginia Code § 8–14–7 (1986) provides that "[i]n every Class I and Class II city having a paid police department, there shall be a 'Policemen's Civil Service Commission.'" At the time of the dismissals at issue here, Welch was neither a Class I nor Class II city, but was actually a Class III city. West Virginia Code § 8–14–21 (1986) provides that a Class III or IV town that did not have a police civil service system as of July 1, 1969, could hold an election to determine if the citizens wished to be covered by a police civil service system. Welch never held an election, but did not need to, for W.Va.Code § 8–14–21 further provides that "[t]he provisions of this section shall not apply to any such city, town or village operating under police civil service on the effective date of this article [July 1, 1969]." West Virginia Code § 8–14–23 (1986) also provides that "[a]ny police civil service system established in accordance with the provisions of former article five-A of this chapter or this article fourteen [§ 8–14–1 et seq.] shall be or remain mandatory and shall be governed by the provisions of this article fourteen ... as if such Class III city ... were a Class I or Class II city...." Records show that there did exist a police civil service commission in Welch as early as 1937. There was a period of time where the Commission was inactive[1], but this period of inactivity did not serve to dismantle the Commission. Since the system was established under former W.Va.Code §§ 8–5A–1–21 (1937) it remained mandatory and in existence since its establishment and was in existence at the time period at issue here.

■ The petitioners assert that the Commission should not have upheld the dismissals because the five-step corrective discipline procedure in the City of Welch personnel handbook was not followed. The procedure entails verbal and written warnings, suspension and lastly dismissal. We find that the personnel handbook was not binding on the Welch Police Civil Service Commission.

West Virginia Code § 8–14–20 (1986) provides that an officer may be removed for just cause and that he is entitled to a written statement listing the reasons for his dismissal. There was compliance with this statutory mandate with each of the petitioners. The statutory provisions of the Police Civil Service Commission do not provide for a disciplinary process such as that embodied in the City of Welch personnel handbook. Furthermore, W.Va.Code § 8–14–23 provides that the intention of the statutory provisions governing the police civil service commission is "to furnish a complete and exclusive system for the ... discharge ... of all members of all paid police departments...." The statute further provides that if there is an inconsistency with the Police Civil Service provision and another law, the other law is said to be repealed. We have previously found that "[t]he [police] civil service statute should be followed as closely as possible in order to carry out the intent of the Legislature which enacted it." *Daniels v. McCulloch*, 168 W.Va. 740, 745, 285 S.E.2d 483, 486 (1981). Since the statutory provisions of the Police Civil Service System are exclusive, the Welch Police Civil Service Commission was not obligated to follow the disciplinary procedure found in the Welch personnel handbook.

■ The power to discharge police officers is found in W.Va.Code § 8–14–20(a) (1986). This code section provides that "[n]o member of any paid police department subject to the civil service provisions

1. Appellees assert that the definite period of time the Commission was not operating is unknown due to the fact that there were records destroyed during a fire at City Hall in 1979.

of this article shall be ... discharged ... except for just cause, ..." Petitioners dispute that there was just cause sufficient for their dismissals. We disagree.

Just cause has been defined as a substantial cause "which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interest of the public. An officer should not be removed from office for matters which are trivial, inconsequential, or hypothetical, or for mere technical violations of statute or official duty without wrongful intention." 67 C.J.S. *Officers* § 120b (1936). *See also City of Logan v. Dingess,* 161 W.Va. 377, 381, 242 S.E.2d 473, 475 (1978); *Thurmond v. Steele,* 159 W.Va. 630, 225 S.E.2d 210 (1976); *Guine v. Civil Service Commission,* 149 W.Va. 461, 141 S.E.2d 364 (1965).

We find that the infractions committed by the petitioners were substantial enough to amount to just cause. Albert Johnson had several unexcused absences on his record and had been previously warned about these absences. Joseph Jones likewise had a record of unexcused absences and also failed to fulfill his job duties by not completing a report concerning a crime he had investigated. One of his unexcused absences showed an extreme lack of responsibility, in that his failure to report to work was due to over-consumption of alcohol. Lastly, Joseph Lyons was discharged due to the fact that he consumed alcohol in a public restaurant while on duty and in uniform. These acts and omissions were of a substantial nature, and showed disregard for the police department and the citizens these officers were hired to protect.

We held in *Appeal of Prezkop,* 154 W.Va. 759, 179 S.E.2d 331 (1971), that "[a] final order of a police civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law." We further held that "[t]he judgment of a circuit court affirming a final order of a police civil service commission, upon appeal therefrom as provided by statute, will not be reversed by this

Court unless the final order of the commission was against the clear preponderance of the evidence or was based upon a mistake of law." *Id.* at Syl. Pts. 1 and 2. The evidence in this case was sufficient to amount to just cause for the petitioners' dismissals. Therefore, the order of the Welch Police Civil Service Commission and the affirmation of such order by the McDowell County Circuit Court will not be disturbed.

Lastly, petitioners contend in their appeal that they were not given timely hearings by the Welch Police Civil Service Commission and that they were denied due process. We find their arguments to be without significant merit.

■ West Virginia Code § 8–14–20(a) provides that if a discharged member "shall demand it, the commission shall grant him a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing...." Hearings were apparently not held within ten days of the filing of written charges, but the record does not substantiate that the lack of hearings within that ten day period was the fault of the respondent. The code section specifically sets out that an officer shall demand such hearing within that period. Absent a demand for such hearing within the ten-day period, respondent had no obligation to provide it within that time. The commission did have members resign in February and March, 1985, and may not have had a full complement of commissioners at the time in question, but this fact alone does not substantiate a claim of prejudice. It remained the petitioners' statutory duty to demand a hearing within the ten-day period, if they so desired, and their failure to do so does not place fault on the respondent.

■ The petitioners further allege that the Commission denied petitioners both procedural and substantive due process. We find no such evidence on the record to substantiate this claim. While rules and regulations should have been promulgated pursuant to W.Va.Code § 8–14–10 (1986), petitioners fail to state how the lack of rules prejudiced their ability to go forth

with their cases. We further find no prejudice to petitioners resulting from the fact that the Chief of Police was represented at the hearing by the city attorney. Finally, we find no merit to the petitioners' claim that they received an unfair hearing because of the "emergency" situation declared by the Mayor of Welch, due to a shortage in manpower.

Based on the foregoing, the decision of the McDowell County Circuit Court is affirmed.

Affirmed.