543 S.E.2d 364

Kevin A. ALDEN, Appellant
Below, Appellant,

v.

HARPERS FERRY POLICE CIVIL
SERVICE COMMISSION, Appellee
Below, Appellee.

No. 28211.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 10, 2001.

Decided Jan. 26, 2001.

S. Andrew Arnold, Shepherdstown, West Virginia, Ross A. Nabatoff, Christy Hallam DeSanctis, Brand & Frulla, P.C., Washington, District of Columbia, Attorneys for the Appellant.

John W. Askintowicz, III, Law Office of John W. Askintowicz, III, Charles Town, West Virginia, Attorney for the Appellee.

DAVIS, Justice:

The appellant herein and plaintiff below, Kevin A. Alden [hereinafter "Officer Alden"], appeals from the January 19, 2000, decision of the Circuit Court of Jefferson County denying his motion to alter or amend its earlier judgment. In its prior ruling, entered November 30, 1999, the circuit court found that the Harpers Ferry Police Department [hereinafter "the Department"] had demonstrated "just cause" to terminate Officer Alden's employment, affirming the October 20, 1998, decision of the Harpers Ferry Police Civil Service Commission [hereinafter "the Commission"], which likewise upheld Alden's termination. On appeal to this Court, Officer Alden assigns two errors: (1) he was not afforded a pre-termination hearing [1] and

---

1. At this juncture, we wish to note that we will alternately use the terms "pre-termination hearing" and "predisciplinary hearing" to refer to the proceeding to which Officer Alden claims he was entitled. Our use of this dual terminology results from our prior denomination of such a hearing as a "predisciplinary hearing" in the Syllabus of *City of Huntington v. Black*, 187 W.Va. 675, 421 S.E.2d 58 (1992), and our desire to distinguish between the two types of proceedings at issue in the case *sub judice, i.e.*, pre-termination and post-termination.

(2) his post-termination hearing was constitutionally deficient. Upon a review of the parties' arguments, the appellate record, and the pertinent authorities, we find that Officer Alden was not afforded the statutorily-mandated pre-termination hearing as required by W. Va.Code § 8–14A–3(b) (1997) (Repl.Vol. 1998). Accordingly, we reverse the decision of the Circuit Court of Jefferson County and remand this case for further proceedings consistent with this opinion.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On July 1, 1996, the Corporation[2] of Harpers Ferry hired Officer Alden as a patrolman for the Harpers Ferry Police Department. During his approximate two-year period of employment with the Department, Officer Alden was charged with violating numerous provisions of the Harpers Ferry Police Manual [hereinafter "the Manual"]. These derelictions included failure to follow direct orders; verbal abuse and harassment of fellow and superior officers; failure to complete reports in a timely manner; use of Department-issued equipment for personal business; failure to arrest individuals where such action was warranted; and a general lack of compliance with departmental policies and the established chain-of-command.

Also during this term of employment, Officer Alden received two evaluations of his job performance,[3] both of which resulted in an overall rating of "unsatisfactory". As a result of these poor reviews and as a conse-

quence of his multiple infractions, Officer Alden's supervising officers counseled him regarding his job performance and recommended methods of improvement. In addition to these meetings, the supervising officers verbally reprimanded Officer Alden on numerous occasions and presented him with written warnings stemming from his various infractions.[4] One of these written warnings, issued on November 17, 1997, cautioned Officer Alden that it should be construed as a "final warning" and that any further "violation will result in [t]ermination."

Ultimately, by letter dated May 30, 1998, the Department terminated Officer Alden's employment. Officer Alden thereafter appealed his discharge to the Commission. Following a post-termination hearing,[5] the Commission determined, by decision rendered October 20, 1998, that the Department had demonstrated "just cause" for Officer Alden's termination as required by W. Va. Code § 8–14–20(a) (1996) (Repl.Vol.1998).[6] Officer Alden then appealed the Commission's ruling, which was upheld by the Circuit Court of Jefferson County on November 30, 1999. By subsequent order entered January 19, 2000, the circuit court similarly rejected Officer Alden's Rule 59(e)[7] motion to alter or amend its earlier ruling, including his claim that he had been denied a pre-termination hearing in contravention of W. Va.Code § 8–14A–3(b).[8] This appeal followed.

## II.

### STANDARD OF REVIEW

■■■ On appeal to this Court, Officer Alden challenges the propriety of the circuit

---

2. See generally W. Va.Code § 8–1–1, *et seq.*, for a discussion of municipal governments.

3. These job performance evaluations were conducted on June 17, 1997, and April 30, 1998.

4. The record also indicates that, by memorandum dated September 3, 1997, Officer Alden was placed on probation for six months, "during which time … any other serious breach of Department Rules, Regulations or Deviations from reasonable professional practices … will result in immediate termination."

5. Post-termination hearings for civil service police officers are governed by W. Va.Code § 8–14–20(a) (1996) (Repl.Vol.1998), which requires the police civil service commission to provide such a

hearing if the aggrieved officer so requests. *See generally* W. Va.Code § 8–14–20(a).

6. The relevant provision of W. Va.Code § 8–14–20(a) directs that "[n]o member of any paid police department subject to the civil service provisions of this article may be removed, discharged, suspended or reduced in rank or pay except for just cause …."

7. Rule 59(e) of the West Virginia Rules of Civil Procedure provides that "[a]ny motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."

8. For the text of W. Va.Code § 8–14A–3(b) (1997) (Repl.Vol.1998), see Section III, *infra.*

court's denial of his motion made pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure.[9]

> "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syllabus point 1, *Wickland v. American Travellers Life Insurance Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

Syl. pt. 2, *Bowers v. Wurzburg*, 205 W.Va. 450, 519 S.E.2d 148 (1999). Consequently, we must also consider the standard of review applicable to the circuit court's affirmance of the Commission's decision to uphold Alden's termination. Generally,

> [t]he judgment of a circuit court affirming a final order of a police civil service commission, upon appeal therefrom as provided by statute, will not be reversed by this Court unless the final order of the commission was against the clear preponderance of the evidence or was based upon a mistake of law.

Syl. pt. 2, *In re Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971). However, when there does exist a mistake of law, our review of the circuit court's ruling is *de novo*. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). *See also* Syl. pt. 1, *Burks v. McNeel*, 164 W.Va. 654, 264 S.E.2d 651 (1980) ("In reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law."). Having determined the applicable standards of review, we turn now to evaluate the errors assigned by Officer Alden.

9. *See supra* note 7.

10. The relevant portion of the prior statute provided:

## III.

## DISCUSSION

With this appeal, we essentially have been asked to revisit the issue of what type of process is due a civil service police officer when he/she is discharged from employment. We first considered a similar query in the case of *City of Huntington v. Black*, 187 W.Va. 675, 421 S.E.2d 58 (1992). In the *Black* case, the aggrieved employee was not terminated but rather sustained a reduction in rank and pay without first being afforded notice of the charges against him and an opportunity to be heard thereon. 187 W.Va. at 677, 421 S.E.2d at 60. Upon our review of the proposed certified questions, we determined that Sergeant Black was, in fact, entitled to a predisciplinary hearing. Accordingly, we held, in the sole Syllabus point of that opinion, that

> West Virginia Code § 8–14A–3 (1990), by its express provisions, does not require that an internal hearing be conducted prior to discharge, suspension, or reduction in rank or pay if the punitive action has already been taken. Principles of due process, however, dictate that a police officer subject to civil service protection must be afforded a predisciplinary proceeding prior to discharge, suspension, or reduction in rank or pay notwithstanding the provisions of West Virginia Code § 8–14A–3 unless exigent circumstances preclude such a predisciplinary hearing.

Syl., 187 W.Va. 675, 421 S.E.2d 58.

 The present case, however, presents a slightly different scenario for our consideration. First, Officer Alden was terminated from his employment, as opposed to receiving a lesser form of discipline. Second, the statute determinative of this appeal has been amended since we first examined its provisions in the *Black* case. As we observed therein, the terms of W. Va.Code § 8–14A–3 did not, at that time, expressly require that a civil service police officer facing discipline be afforded a predisciplinary hearing.[10]

> (a) If the investigation or interrogation of a police officer or fireman results in the recommendation of some punitive action, then, before taking such action the police or fire de-

*See* Syl., 187 W.Va. 675, 421 S.E.2d 58. The present version of this statute, though, expressly affords officers such protection. W. Va.Code § 8–14A–3 (1997) (Repl.Vol.1998) provides, in pertinent part:

(a) Before taking any punitive action against an accused officer, the police or fire department shall give notice to the accused officer that he or she is entitled to a hearing on the issues by a hearing board or the applicable civil service commission. The notice shall state the time and place of the hearing and the issues involved and shall be delivered to the accused officer no later than ten days prior to the hearing.

(b) When a civil service accused officer faces a recommended punitive action of discharge, suspension or reduction in rank or pay, but before such punitive action is taken, a hearing board must be appointed and must afford the accused civil service officer a hearing conducted pursuant to the provisions of article fourteen, section twenty [§ 8–14–20],[11] or article fifteen, section twenty-five [§ 8–15–25][12] of this chapter: *Provided*, That the punitive action may be taken before the hearing board conducts the hearing if exigent circumstances exist which require it. . . .

(Footnotes added). Typically, the word "must" is afforded a mandatory connotation. *See McMicken v. Province*, 141 W.Va. 273, 284, 90 S.E.2d 348, 354 (1955) (construing "must" as a "mandatory word"), *overruled on other grounds by Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). *See also Larson v. State Personnel Bd.*, 28 Cal.App.4th 265, 276, 33 Cal.Rptr.2d 412, 419 (1994) ("The ordinary meaning of 'shall' or 'must' is of mandatory effect[.]" (citation omitted)); *Tranen v. Aziz*, 59 Md. App. 528, 534–35, 476 A.2d 1170, 1173 ("The term 'must' imposes a positive, absolute duty, . . . and has been defined as 'compulsion or obligation' or 'requirement or prerequisite.'" (citations omitted)), *cert. granted*, 301 Md. 471, 483 A.2d 754 (1984), *aff'd*, 304 Md. 605, 500 A.2d 636 (1985); *Federal Land Bank of St. Paul v. Waltz*, 423 N.W.2d 799, 802 (N.D. 1988) ("The word 'must' as ordinarily used indicates a mandatory and not merely a directory or nonmandatory duty." (citation omitted)). Thus, the express language of W. Va.Code § 8–14A–3(b) now requires a predisciplinary hearing to be afforded to a civil service police officer facing certain forms of disciplinary action unless exigent circumstances exist to preclude such a proceeding. In keeping with this statutory amendment, we hold that W. Va.Code § 8–14A–3(b) (1997) (Repl.Vol.1998) requires that, before a civil service officer may be disciplined through discharge, suspension, or reduction in rank or pay, he/she must be afforded a predisciplinary hearing before a hearing board unless there exist exigent circumstances that require the recommended disciplinary action to precede such hearing. To the extent our prior decision in the Syllabus of *City of Huntington v. Black*, 187 W.Va. 675, 421 S.E.2d 58 (1992), is inconsistent with this holding, it is hereby expressly modified.

■ Applying the present statutory law to the case *sub judice*, we observe that the Department improperly terminated Officer

---

partment shall give notice to the police officer or fireman that he is entitled to a hearing on the issues by a hearing board. The notice shall state the time and place of the hearing and the issues involved and be delivered to the police officer or fireman no later than ten days prior to the hearing. An official record, including testimony and exhibits, shall be kept of the hearing.

(b) The hearing shall be conducted by the hearing board of the police or fire department except that in the event the recommended punitive action is discharge, suspension or reduction in rank or pay, and such action has been taken the hearing shall be pursuant to the provisions of article fourteen, section twenty [§ 8–14–20], and article fifteen, section twenty-five [§ 8–15–25] of this chapter, if applicable. Both the police or fire department and the

police officer or fireman shall be given ample opportunity to present evidence and argument with respect to the issues involved. . . .

W. Va.Code § 8–14A–3 (1982) (Cuml.Supp. 1983). *See also* notes 11 (addressing W. Va.Code § 8–14–20 hearing procedures) and 12 (discussing format of hearing required by W. Va.Code § 8–15–25), *infra*.

**11.** This code section, W. Va.Code § 8–14–20, describes the hearing requirement for civil service police department employees who are facing disciplinary action. *See supra* note 5.

**12.** W. Va.Code § 8–15–25 discusses hearings available to civil service fire department employees who face disciplinary action. *See generally* W. Va.Code § 8–15–25 (1996) (Repl.Vol.1998).

Alden when it informed him of his discharge, but failed to provide him with a pre-termination hearing. Both the Commission and the circuit court compounded this procedural aberration when they upheld the Department's disciplinary action without recognizing the aggrieved officer's right to such a hearing. While it is true that a hearing is not necessary before disciplinary action is taken when there exist "exigent circumstances," none of the entities responsible for affording Officer Alden this procedural protection even acknowledged his right to such a hearing during the proceedings underlying this appeal.[13] By the same token, the first indication that exigencies existed to abrogate the pre-termination hearing requirement is contained in the Commission's appellate brief before this Court. This tardy recognition of allegedly exigent circumstances is simply not sufficient to deprive a civil service police officer of his constitutionally-based statutory rights upon his discharge from employment. *See* Syl., *Black*, 187 W.Va. 675, 421 S.E.2d 58. Therefore, we reverse the order of the circuit court finding that Officer Alden had received the process due him in the course of his

termination and remand this case for further proceedings consistent with this opinion.

At this juncture, we wish to clarify the nature of the proceedings on remand. This opinion should not, in any manner, be construed as prohibiting the ultimate discharge of Officer Alden from his employment with the Department if the incidents of misconduct alleged are sufficiently supported by the evidence so as to establish a finding of "just cause"[14] as required by W. Va.Code § 8–14–20(a). We particularly are troubled by the numerous violations of departmental policies and procedures cited in the record of this case as well as the potential harm to the sanctity of Harpers Ferry and the safety of her citizens should such behaviors be permitted to continue.[15] If, then, it is determined upon remand that the Department had "just cause" to terminate Officer Alden, we caution the presiding tribunals to scrupulously protect the rights afforded to such individuals by the relevant provisions of the West Virginia Code. *See generally* W. Va.Code § 8–14–1, *et seq.*; W. Va.Code § 8–14A–1, *et seq.*[16]

Furthermore, as we have determined the circuit court's affirmance of Officer Alden's

**13.** Neither is it apparent from the record, however, that Officer Alden vocalized his request for a pre-termination hearing at an early stage of the underlying proceedings. The first reference to Alden's complaint that he had been deprived of such a hearing appears in his Rule 59(e) motion before the circuit court, some *nineteen* months after his initial discharge from employment. While W. Va.Code § 8–14A–3(b) does not require the aggrieved employee to request such a hearing, we would recommend that future civil service officers observe basic concepts of fairness and judicial economy by timely filing a request therefor when their employers fail to honor their statutory rights. *See, e.g.,* Syl. pt. 4, *Hanlon v. Logan County Bd. of Educ.*, 201 W.Va. 305, 496 S.E.2d 447 (1997) ("In order to benefit from the 'relief by default' provisions contained in W. Va. Code § 18–29–3(a) (1992) (Repl.Vol.1994), a grieved employee or his/her representative must raise the 'relief by default' issue during the grievance proceedings as soon as the employee or his/her representative becomes aware of such default.").

**14.** We previously have observed that

"[j]ust cause has been defined as a substantial cause 'which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interest[s] of the public. An officer should not be removed from office for matters which are trivial, incon-

sequential, or hypothetical, or for mere technical violations of statute or official duty without wrongful intention.'"

*Mangum v. Lambert*, 183 W.Va. 184, 187, 394 S.E.2d 879, 882 (1990) (quoting *Johnson v. City of Welch*, 182 W.Va. 410, 413, 388 S.E.2d 284, 287 (1989) (per curiam) (quoting 67 C.J.S. *Officers* § 120b (1936) (footnotes omitted))) (additional citations omitted). *See also* note 6 (quoting the "just cause" portion of W. Va.Code § 8–14–20(a)), *supra*.

**15.** We also are well aware of the indiscretions alleged to have been committed by certain of Alden's supervisors. While we do not approve of such actions, if they are true, we are unable, at present, to rule on those charges as those individuals are not presently before this Court.

**16.** It goes without saying, of course, that if Officer Alden should be reinstated or exonerated of the charges against him he would be entitled to collect the attorney's fees he has incurred in his defense of such charges. *See* Syl. pt. 6, *Collins v. City of Bridgeport*, 206 W.Va. 467, 525 S.E.2d 658 (1999) ("W. Va.Code § 8–14–20 (1996) provides that a member of a paid police department subject to the police civil service act, W. Va.Code §§ 8–14–6 to 8–14–24, who is removed, discharged, suspended or reduced in rank or pay and subsequently reinstated or exonerated by the civil service commission, the circuit court or this

termination to have been erroneous and to necessitate further proceedings, we need not address, at the present time, the alleged errors concerning the adequacy of Alden's post-termination hearing. That is not to say, however, that the boundaries of a post-termination proceeding are limitless. "The Due Process Clause, Article III, Section 10 of the West Virginia Constitution, requires procedural safeguards against State action which affects a liberty or property interest." Syl. pt. 1, *Waite v. Civil Serv. Comm'n,* 161 W.Va. 154, 241 S.E.2d 164 (1977). Therefore, upon the remand of this case, we charge the tribunals presiding over such proceedings to vigilantly defend Officer Alden's right to a post-termination hearing, pursuant to W. Va. Code § 8–14–20(a), with all of the protections afforded by the due process clause of this State's constitution.

## IV.

## CONCLUSION

For the foregoing reasons, we conclude that the express language of W. Va.Code

§ 8–14A–3(b) (1997) (Repl.Vol.1998) requires that a civil service police officer be afforded a predisciplinary hearing prior to his/her discharge from employment unless exigent circumstances operate to prevent a preliminary hearing. In the case *sub judice,* we find that Officer Alden did not receive such a pretermination hearing and that there did not exist exigent circumstances to alleviate this procedural prerequisite. Accordingly, we hereby reverse the contrary decision of the Circuit Court of Jefferson County, entered January 19, 2000, and remand this case for further proceedings consistent with this opinion.

Reversed and Remanded.

Court shall, if represented by legal counsel, be awarded reasonable attorney fees as approved by the commission, circuit court or this Court, and the fees shall be paid by the governing body.").