631 S.E.2d 625

**Kevin ALDEN, Petitioner
Below, Appellee**

**v.**

**THE HARPERS FERRY POLICE CIVIL SERVICE COMMISSION, Anthol Shewbridge, Jr., Commissioner, Joseph Johnson, Commissioner, Charles Thompson, Commissioner, Respondents Below.**

**Harpers Ferry Police Civil Service Commission, Respondent Below, Appellant.**

**No. 32762.**

Supreme Court of Appeals of West Virginia.

Submitted March 15, 2006.

Decided March 31, 2006.

Ancil G. Ramey, Esq., Hannah B. Curry, Esq., Steptoe & Johnson, Charleston, for Appellant.

Kevin Alden, Pro Se, Harpers Ferry.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Jefferson County entered on April 29, 2004. In that order, the circuit court affirmed the decision of the appellant and respondent below, the Harpers Ferry Police Civil Service Commission (hereinafter "the Commission"), terminating the employment of the appellee and petitioner below, Kevin A. Alden (hereinafter "Officer Alden"). Although his employment was not reinstated, the circuit court, nonetheless, granted a partial award of attorney's fees to Officer Alden because he was not afforded a pre-termination hearing until he filed an appeal with this Court. *See Alden v. Harpers Ferry Police Civil Service Comm'n*, 209 W.Va. 83, 543 S.E.2d 364 (2001) (hereinafter "*Alden I*"). The circuit court reasoned that Officer Alden had to incur attorney's fees to secure for himself that which should have been provided and, therefore, equity required that the Commission pay those reasonable and necessary attorney's fees. In this appeal, the Commission contends that the award of attorney's fees was improper.[1]

This Court has before it the petition for appeal, the designated record, and the briefs and argument of the parties. For the reasons set forth below, the circuit court's award of attorney's fees to Officer Alden is affirmed.

## I.

### FACTS

Officer Alden was hired as a patrolman by the Corporation of Harpers Ferry on July 1, 1996. His employment was terminated on May 30, 1998, for, *inter alia*, dereliction of duty, disobedience, failure to timely file police reports, failure to follow the chain of command, and utilization of poor judgment in the performance of his duties as a police officer. Officer Alden filed an appeal with the Commission which upheld his termination. The circuit court also affirmed the decision to terminate Officer Alden's employment. However, on January 26, 2001, this Court reversed the decision upon finding that Officer Alden should have been afforded a pre-termination hearing. *See Alden I*, 209 W.Va. at 89, 543 S.E.2d at 370.

On remand, a pre-termination hearing was held in June 2001, at which time "just cause" was found for Officer Alden's termination. Officer Alden filed an appeal with the Commission which upheld his termination on August 2, 2001. Thereafter, Officer Alden filed an appeal with the circuit court. Upon review, the circuit court found that the Commission had erred by refusing to allow Officer Alden to subpoena witnesses. Accordingly, the case was remanded for another hearing. Following a hearing in January 2003, the Commission again upheld Officer Alden's termination. He appealed the decision to the circuit court.

On April 29, 2004, the circuit court entered its final order which upheld Officer Alden's termination but granted him a partial award of attorney's fees. The circuit court stated:

Officer Alden was entitled to a pre-disciplinary hearing prior to being fired. He did not receive it until four years after he was fired. Officer Alden had to incur rea-

---

1. On August 9, 2004, Officer Alden filed a petition for appeal of the circuit court's final order with this Court contending that the circuit court erred by not reinstating his employment. By order dated June 29, 2005, this Court refused his appeal.

sonable and necessary attorney's fees to appeal to this Court and the Supreme Court to secure for himself that which should have been provided. Even though this Court is duty bound to uphold Alden's termination (on much narrower grounds than all of those originally alleged), nevertheless, this Court is of the opinion that equity requires that the Harpers Ferry Police Department and Town of Harpers Ferry be required to pay those attorney fees reasonably and necessarily incurred by Officer Alden exclusively to contest his firing from his firing up to and through the Police Hearing Board proceeding in June of 2001. To do otherwise might produce a chilling effect upon the willingness of other police officers to assert their basic rights when they have been denied and further might produce the undesirable effect of rewarding those agencies that do not follow the rules.

Accordingly, the court directed Officer Alden to file an affidavit from his attorneys itemizing reasonable and necessary fees incurred exclusively in this matter from May 30, 1998, through the June 22, 2001, pre-termination hearing. The Commission now appeals the award of attorney's fees.

## II.

### STANDARD OF REVIEW

■ This Court applies an abuse of discretion standard when reviewing a circuit court's award of attorney's fees. *See Beto v. Stewart*, 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003) ("The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse.").

## III.

### DISCUSSION

The Commission contends there was no legal basis for the circuit court to award Officer Alden attorney's fees. In *Alden I*, this Court noted that:

> It goes without saying, of course, that if Officer Alden should be reinstated or exonerated of the charges against him he would be entitled to collect the attorney's fees he has incurred in his defense of such charges. *See* Syl. pt. 6, *Collins v. City of Bridgeport*, 206 W.Va. 467, 525 S.E.2d 658 (1999) ("W. Va.Code § 8–14–20 (1996) provides that a member of a paid police department subject to the police civil service act, W. Va.Code §§ 8–14–6 to 8–14–24, who is removed, discharged, suspended or reduced in rank or pay and subsequently reinstated or exonerated by the civil service commission, the circuit court or this Court shall, if represented by legal counsel, be awarded reasonable attorney fees as approved by the commission, circuit court or this Court, and the fees shall be paid by the governing body.").

209 W.Va. at 88–89 n. 16, 543 S.E.2d at 369–70 n. 16. The Commission argues that Officer Alden is not entitled to attorney's fees pursuant to W.Va.Code § 8–14–20 (1996) because he was not reinstated to his position.

■ "As a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement." Syllabus Point 2, *Sally–Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986). As set forth above, W.Va.Code § 8–14–20 provides for an award of attorney's fees but only when an officer is "reinstated or exonerated."[2] Since Officer Alden was not reinstated or exonerated, we agree with the Commission that Officer Alden is not entitled to an award of attorney's fees pursuant to the statute. Nonetheless, we are unable to find that the circuit court abused its discretion in granting a partial award of attorney's fees to Officer Alden.

---

**2.** W.Va.Code § 8–14–20(b) states, in pertinent part:

> The member, if reinstated or exonerated by the circuit court or by the supreme court of appeals, shall, if represented by legal counsel, be awarded reasonable attorney fees as approved

> by the court and the fees shall be paid by the governing body.

Although Officer Alden is representing himself in this appeal, he was represented by counsel in *Alden I*.

This Court has previously awarded attorney's fees and costs when public officials have disregarded a clear non-discretionary duty without deliberate intent to avoid obeying the law. *State ex rel. West Virginia Highlands Conservancy, Inc., v. West Virginia Div. of Environmental Protection,* 193 W.Va. 650, 653, 458 S.E.2d 88, 91 (1995). In Syllabus Point 3 of *Richardson v. Town of Kimball,* 176 W.Va. 24, 340 S.E.2d 582 (1986) this Court explained that,

"Citizens should not have to resort to law suits to force government officials to perform their legally prescribed non-discretionary duties. When, however, resort to such action is necessary to cure willful disregard of law, the government ought to bear the reasonable expense incurred by the citizen in maintaining the action." *Nelson v. W.Va. Pub. Employees Ins. Bd.,* 171 W.Va. 445, 300 S.E.2d 86, 92 (1982).

In *Alden I,* this Court found that although W.Va.Code § 8–14A–3(b) clearly provided for a pre-termination hearing absent exigent circumstances, "none of the entities responsible for affording Officer Alden this procedural protection even acknowledged his right to such a hearing during the proceedings underlying [his] appeal." 209 W.Va. at 88, 543 S.E.2d at 369. As a result, Officer Alden was denied due process. Furthermore, he was forced to file an appeal with this Court in order to secure the pre-termination hearing to which he was clearly entitled. Given these circumstances, we are unable to find that the circuit court's partial award of attorney's fees to Officer Alden was improper.

## IV.

### CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Jefferson County entered on April 29, 2004, is affirmed.

Affirmed.