# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David M. Smith and Doris Smith**
**Plaintiffs Below, Petitioners**

**vs) No. 14-1285** (Kanawha County 14-C-981)

**The Velotta Company and Safety Caution**
**Equipment Co.,**
**Defendants Below, Respondents**

**FILED**

**February 12, 2016**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners David M. Smith and Doris Smith, by counsel James D. McQueen, Jr., and Christopher Heavens, appeal the November 24, 2014, order of the Circuit Court of Kanawha County denying petitioners' motion to alter ruling. Respondent The Velotta Company ("Velotta"), by counsel James D. Stacy, II, responds in support of the circuit court's order. Respondent Safety Caution Equipment Co., ("Safety Caution"), by counsel Melvin F. O'Brien and Michelle B. Skeens, also responds in support of the circuit court's order. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners' claims arise from an April 11, 2012, motor vehicle accident which occurred on U.S. Route 19, near Mount Hope, West Virginia. At the time of the accident, Petitioner David Smith was a commercial truck driver and was operating a tractor-trailer vehicle for his employer William Thomas Allen d/b/a William Thomas Allen Trucking ("Allen Trucking"). Petitioner Smith was traveling in the outside lane of Route 19, approaching a road construction site, when traffic slowed in front of him. Mr. Smith was unable to stop his vehicle before it struck a vehicle operated by James A. Murdock.[1] At all times relevant hereto, Respondent Velotta was a contractor working on the road construction project in the area where the accident occurred. Respondent Safety Caution Equipment Co. ("Safety Caution") was a subcontractor of Velotta that worked on implementation of a portion of the temporary traffic control plan in place around the accident site.

---

[1]Ultimately, the Smith vehicle struck two temporary concrete barriers, crossed the outside barrier of a bridge, and fell onto an embankment below the bridge.

1

On April 2, 2014, James A. Murdock, and his wife Barbara, filed a civil action in the Circuit Court of Fayette County against Petitioner David Smith (and his employer) for damages arising from the accident. On May 27, 2014, petitioners filed the underlying civil action against respondents in Kanawha County Circuit Court, also seeking damages arising from the accident. In their Kanawha County action, petitioners contend that, on May 10, 2014, Mr. Smith was contacted by an investigator on behalf of another party who was reportedly injured in a separate motor vehicle accident that occurred in the same area of Route 19 as Mr. Smith's April 11, 2012, accident. Petitioners allege they did not know, and reasonably should not have known, the identity of respondents, or that their conduct had a causal relation to Mr. Smith's injuries until they were contacted by the investigator.

In answer to petitioner's Kanawha County action, respondents filed separate motions to dismiss, arguing that petitioners' claims were barred by West Virginia Code § 55-2-12, which directs that actions seeking damages for personal injuries must be brought "within two years next after the right to bring the same shall have accrued." A hearing on respondents' motions to dismiss was held before Kanawha County Circuit Court Judge Paul Zakaib on August 14, 2014. By order entered September 23, 2014, respondents' motions to dismiss were granted.

In its order granting respondents' motions to dismiss, the circuit court found that "[a]t the time of the accident on April 11, 2012, the [p]laintiff David Smith knew that he had been involved in an accident in an area where road construction was occurring and/or temporary traffic control measures were in place." Further, the court acknowledged receipt of certain medical records of David Smith (relating to his post-accident treatment), and noted that those records clearly demonstrate that Mr. Smith had knowledge of the accident, the manner in which the accident occurred, and the fact that he was injured as a result of the accident.

On August 18, 2014, petitioners filed a third-party complaint in the Fayette County action brought by the Murdocks and impleaded respondents into that case.[2] Respondents filed separate motions to dismiss petitioner's third-party complaint in the Fayette County action. After consideration of respondents' motions to dismiss, the Fayette County Circuit Court also determined that petitioners' personal injury claims were barred by the statute of limitations, and dismissed petitioner's third-party complaint.[3]

---

[2]The third-party complaint was filed in Fayette County Circuit Court four days after petitioners' Kanawha County action was dismissed. In their third-party complaint, petitioners asserted identical claims against respondents to those that had been asserted by petitioners in their Kanawha County action.

[3]Petitioners' appeal of the Fayette County Circuit Court's ruling dismissing petitioners' third-party complaint against respondent (related to the April 11, 2012 accident) was the subject of a separate appeal pending before this Court, wherein we affirmed the circuit court's dismissal in a memorandum decision. *Smith v. Velotta Co. and Safety Caution Equip. Co.*, No. 15-0228 (W.Va. Feb. 12, 2016)(memorandum decision).

On September 4, 2014, petitioners filed a motion to alter ruling/proposed order of dismissal in the Kanawha County action. A hearing was held on petitioners' motion on November 6, 2014. During this hearing, the circuit court denied petitioners' motion. An order memorializing the rulings was entered on November 24, 2014. It is from this order that petitioners now appeal.

In syllabus point two of *J.A. Street & Associates, Inc., v. Thundering Herd Development, LLC*, 228 W.Va. 695, 724 S.E.2d 299 (2011), we held that

> " ' "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W.Va.R.Civ.P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syllabus point 1, *Wickland v. American Travellers Life Insurance Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).' Syllabus point 2, *Bowers v. Wurzburg*, 205 W.Va. 450, 519 S.E.2d 148 (1999)." Syllabus point 1, *Alden v. Harpers Ferry Police Civil Service Commission*, 209 W.Va. 83, 543 S.E.2d 364 (2001).

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W.Va. 770, 461 S.E.2d 516 (1995).[4] Moreover, "[t]he trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, [78 S.Ct. 99, 2 L.E.2d 80] (1957)." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W.Va. 530, 236 S.E.2d 207 (1977). With these principles in mind, we turn to a consideration of each of petitioners' arguments on appeal.

On appeal, petitioners assert two assignments of error. First, petitioners argue that the circuit court erred in dismissing their Kanawha County civil action, as the "discovery rule" tolled the applicable statute of limitations. Second, petitioners contend that the circuit court erred by invading the province of the jury and weighing evidence by making factual findings inconsistent with the facts presented by petitioners.

In this case, it is clear from the record that, in their Kanawha County civil action,

---

[4]Consideration of materials outside of the complaint on a motion to dismiss for failing to state a claim upon which relief may be granted requires the motion "be treated as one for summary judgment and disposed of under Rule 56 [of the West Virginia Rules of Civil Procedure]." Franklin D. Cleckley, Robin Jean Davis and Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b)(6), p. 393 (4th ed. 2012). Although the trial court's dismissal of petitioners' claims was technically a summary judgment dismissal because the trial court considered material outside the complaint in making its decision, our standard of review of that aspect of the dismissal is still de novo. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*.")

petitioners sought to recover monies for petitioners' personal injuries arising from the April 11, 2012, motor vehicle accident. Our law is also clear that actions for personal injuries must be brought "within two years next after the right to bring the same shall have accrued." W.Va. Code § 55-2-12. It is without dispute that petitioners filed their civil action against respondents in the Circuit Court of Kanawha County on May 27, 2014, more than two years following the April 11, 2012, accident. However, petitioners argue that they only "discovered" their possible claims against respondents after being contacted by an investigator (representing another party in a separate lawsuit arising from a separate accident) and that the circuit court erred in failing to apply the discovery rule to toll the running of the two-year statute of limitations. This Court has held that

> "[i]n tort actions, unless there is a clear statutory prohibition to its application, under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syllabus Point 4, *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997).

Syl. Pt. 3, *Dunn v. Rockwell*, 225 W.Va. 43, 689 S.E.2d 255 (2009). In syllabus point two of *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), we stated that "[t]he 'discovery rule' is generally applicable to all torts, unless there is a clear statutory prohibition of its application." However, we have explained that "[o]nce the defendant shows that the plaintiff has not filed his or her complaint within the applicable statute of limitations, the plaintiff has the burden of showing an exception to the statute." *Worley v. Beckley Mech, Inc.*, 220 W.Va. 633, 638-39 n.7, 648 S.E.2d 620, 625-26 n.7 (2007) (citing Syl. Pt. 3, *Cart v. Marcum*, 188 W.Va. 241, 423 S.E.2d 644 (1992), *overruled on other grounds* by *Dunn*, 225 W.Va. at 51-52, 689 S.E.2d at 263-64).

In syllabus point five, in part, of *Dunn* we established a five-step analysis to determine whether a cause of action is time-barred:

> First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And, fifth, the court or the jury

4

should determine if the statute of limitation period was arrested by some other tolling doctrine.

*Dunn*, 255 W.Va. at 54, 689 S.E.2d at 266.

In the instant case, petitioners contend that Mr. Smith suffered an acute mental and physical disability as an immediate result of the April 11, 2012, accident, which prevented him from discovering respondents' identities or the fact that an alleged defective design of the construction area was a causal factor for the accident.[5] As such, they argue, the circuit court erred in failing to apply the discovery rule to toll the statute of limitations. Respondents argue that the purported medical evidence on which petitioners rely to establish Mr. Smith's inability to discern a potential cause of action against respondents simply does not support the conclusions petitioners seek to reach. Rather, Mr. Smith's proffered medical records demonstrate that he knew he was in an accident, and was able to give medical staff at two different facilities a coherent and accurate history. Respondents note that Mr. Smith's medical records indicate that he was discharged from the hospital on the day following the accident, and that there was a notation in his records within the ten months following the accident that he was remembering details about the accident. In summary, respondents contend that petitioners simply failed to proffer sufficient evidence to warrant the circuit court's application of the discovery rule.

Based upon our review of the record before us, we find no error in the circuit court's conclusion that the discovery rule is inapplicable to petitioners' claims herein. In syllabus point four of *Dunn* we held that

> [u]nder the discovery rule set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, 199 W.Va. 706, 487 S.E.2d 901 (1997), whether a plaintiff "knows of" or "discovered" a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

*Dunn*, 255 W.Va. at 54, 689 S.E.2d at 266.

The record herein establishes that, at all times relative hereto, Petitioner David Smith was aware of the fact that he was injured as a result of the April 11, 2012, accident, having reported the same to his medical providers immediately following the accident. Further, there is no evidence in the record below to suggest that petitioners were prevented in any manner from discovering the identities of respondents or that their involvement in the construction area where the subject accident occurred. Thus, we conclude, in accord with the circuit court's findings, that in the exercise of reasonable diligence, petitioners objectively should have known the identity of respondents and their alleged negligent conduct. Accordingly, we find no error in the circuit

---

[5]As a result of the accident, Mr. Smith sustained a scalp laceration, a concussion, and suffered an alleged impairment of his memory.

5

court's conclusion that the discovery rule is in applicable in this case.

In their second assignment of error, petitioners contend that the circuit court erred by invading the province of the jury and weighing evidence inconsistent with the facts pled in petitioners' complaint or presented by petitioners in answer to respondents' motions to dismiss, in violation of syllabus point five of *Dunn*.[6] Primarily, petitioners argue that the circuit court made no findings of fact or conclusions of law which address or even mention critical evidence of Mr. Smith's mental incapacity in making its determination of applicability of the discovery rule. Further, petitioners are critical of a number of the circuit court's findings of fact and conclusions of law in the circuit court's dismissal order.[7] Respondents argue that the circuit

---

[6]Petitioners incorporated their arguments in support of this assignment of error with their written arguments in support of their first assignment of error and did not address this assignment of error separately.

[7]Petitioners take issue with following findings of fact and conclusions of law:

1) Finding of fact No. 7, in which the circuit court found that Petitioner David Smith's medical records clearly demonstrate that Mr. Smith had knowledge of the accident, the manner in which it occurred, and the fact that he was injured as a result. Petitioners argue that this finding did not accurately reflect the factual record before the court;

2) Conclusion of law No. 4, in which the circuit court cites *McCoy v. Miller*, 213 W.Va. 161, 578 S.E.2d 355 (2003). Petitioners argue that the passage cited by the court is an incomplete statement of applicable law;

3) Conclusion of law No. 6, which includes the statement that petitioners "do not allege that they were prevented from discovering the identity of [respondents] in any way." Petitioners contend this statement is incorrect in that the medical evidence submitted to the circuit court substantiates that traumatic injuries sustained in the accident prevented petitioner from discovering respondents' identities;

4) Conclusion of law No. 7, in which the circuit court cites Syl. Pt. 5 of *Dunn*. Petitioners object because the circuit court's cite does not include the last sentence of the syllabus point;

5) Conclusion of law No. 10. In this conclusion of law, the circuit court finds that Petitioner David Smith was aware at the time of the accident that he was claiming to have had difficulties with the temporary traffic control pattern (as petitioner's Kanawha County civil action against respondents included the description that the accident occurred in a construction zone when Mr. Smith "was confronted with a sudden stoppage of traffic). " Petitioners argue that

(continued . . .)

6

court's findings of facts and conclusions of law are supported by the record and the precedent of this court.

In Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000), we held that

> [i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Based upon our review of the record below, we find no error. The findings of fact and conclusions of law made by the circuit court are supported by the record and are legally sound. The record herein establishes that the petitioners knew that Mr. Smith was involved in an accident on the day the accident occurred, knew he was injured on the day of the accident, and objectively should have known of the identities and involvement of the respondents. Accordingly, the circuit court did not err in its dismissal of the action.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 12, 2016

---

they have clearly demonstrated that there is absolutely no evidence supporting this conclusion of law;

6) Conclusion of law No. 11 in which the circuit court notes that Petitioner David Smith was contacted by an investigator working for another party in a separate lawsuit was objective evidence that petitioners should have known the elements of a possible cause of action existed, as the fact that petitioners in the other case were able to assert their theories of liability within the thirteen months following the date of their accident. Petitioners contend that this conclusion of law did not address any injuries to petitioner's memory or mental capabilities; and

7) Conclusion of law No. 13. In this conclusion, the court finds that there is no other tolling doctrine that would have arrested the statute of limitation period, and petitioners do not identify any such other doctrine. Petitioners contend that West Virginia Code § 55-2-12 (general saving as to persons under disability) arrests the statute of limitation period applicable herein.

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis