629 S.E.2d 778

**MAPLEWOOD ESTATES HOME-OWNERS ASSOCIATION, an Unincorporated Association, Petitioner Below, Appellee**

v.

**PUTNAM COUNTY PLANNING COMMISSION and Sherman and Helene Bennett, Respondents Below, Appellants.**

No. 32780.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 24, 2006.

Decided March 31, 2006.

Harvey D. Peyton, The Peyton Law Firm, Nitro, for Sherman and Helene Bennett.

Jennifer D. Scragg, Office of Prosecuting Attorney of Putnam County, Winfield, for Putnam County Planning Commission.

Gordon C. Lane, Kelly M. Young, Brian O. Casto, Lane & Young, Charleston, for Maplewood Estates Homeowners Association.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Putnam County entered on November 19, 2004. In that order, the circuit court reversed a decision of the Putnam County Planning Commission (hereinafter "the Commission") that granted a variance to Helene and Sherman Bennett which would have allowed them to subdivide their residential property. In this appeal, the appellants and respondents below, the Commission and the Bennetts,[1] contend that the circuit court abused its discretion by reversing the decision of the Commission.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, we find that the circuit court abused its discretion, and accordingly, we reverse the final order and remand this case to the circuit court with directions to enter an order reinstating the Commission's decision that granted the. subdivision variance.

## I.

### FACTS

On February 12, 1972, Helene and Sherman Bennett acquired Lot 17, Section 1, in Maplewood Estates, a single-family residential subdivision located in Putnam County, West Virginia. When the subdivision was developed in 1951, Putnam County did not have land use or subdivision regulations. The streets and rights of way in Maplewood Estates were fixed at thirty feet in width. The Bennett parcel, a lot more than an acre in size, fronts the main street in Maplewood Estates which forms the western boundary of the property.

Sometime after Maplewood Estates was established, a parcel of land to the east was developed into a subdivision known as East Maplewood Estates.[2] The land abutted Maplewood Estates but shared no common predecessor in title. A thirty-foot wide street named Linden Road was laid out to provide a right of way for the East Maplewood Estates property owners. Linden Road bordered the Bennett lot on both the north and east sides. Linden Road also bordered three other lots in Maplewood Estates. However, neither the Bennetts nor any other Maplewood Estates property owner had any legal right to use this right of way.

In 2002, the Bennetts decided to seek approval to divide their lot into two parcels.[3] They proposed that the first parcel would consist of the property upon which their existing home is located and which fronts the main street in Maplewood Estates. The second parcel, which they intended to give to their granddaughter so she could build a house next to them, would be the part of the property that could be accessed from Linden Road. The Bennetts sought permission to use Linden Road from the East Maplewood Estates Homeowners Association. Eventually, after filing a lawsuit, they reached an agreement with the East Maplewood Estates Homeowners Association through court-ordered mediation. The Bennetts were given the right to use Linden Road upon certain

---

1. The appellants were represented by separate counsel but filed a joint brief. During oral argument, counsel for the Bennetts informed this Court that Mr. Bennett passed away while this appeal was pending.

2. East Maplewood Estates was also developed before Putnam County adopted land use and subdivision regulations.

3. Maplewood Estates had covenants that ran for fifty years which prohibited the subdivision of any lot. Those covenants expired.

express conditions. The agreement was limited to the Bennett lot.

Thereafter, the Bennetts filed an application for approval to subdivide their lot with the Putnam County Office of Planning and Infrastructure. The application was denied, however, because Putnam County adopted subdivision regulations in the 1980s which require any newly subdivided parcel to be accessed by a forty-foot right of way. The Bennetts were advised to seek a variance from the Commission with respect to the width of the right of way.

On January 30, 2004, the Bennetts filed an appeal application requesting a variance from the forty-foot right of way rule pursuant to Article 1400.13 of the Putnam County Subdivision Regulations which provides, in pertinent part:

Where the Planning Commission ·finds that extraordinary hardships or practical difficulties may result from strict compliance with these regulations and/or the purposes of these regulations may be served to a greater extent by an alternative proposal, it may approve variances to these subdivision regulations so that substantial justice may be done and the public interest secured, provided that such variance shall not have the effect of nullifying the intent and purpose of these regulations, and further provided the Planning Commission shall not approve variances unless it shall make written findings based upon the evidence presented to it that all of the following conditions are met:

a. The granting of the variance will not be detrimental to the public safety, health, or welfare or injurious to other property.

b. The conditions upon which the request for a variance is based are unique to the property for which the variance is sought and are not applicable generally to other property.

c. Because of the particular physical surroundings, shape of topographical conditions or the specific property involved, a particular hardship to the owner would result, as distinguished from a mere inconvenience, if the strict letter of these regulations are carried out.

d. The variances will not in any manner vary the provisions of any other regulations, ordinances or plans adopted by the County.

e. In approving variances, the Planning Commission may require such conditions as will, in its judgment, secure substantially the objections of the standards or requirements of these regulations.

f. A petition for any such variance shall be submitted in writing by the subdivider. The petition shall state fully the grounds for the application and all of the facts relied upon by the petitioner.

After due notice was given to nearby property owners, a full hearing was conducted with regard to the Bennett variance application on February 24, 2004, and March 23, 2004. At the conclusion of the hearing, the Commission granted the variance to the Bennetts.

Subsequently, the Maplewood Estates Homeowners Association, the petitioner below and appellee herein, filed a petition for appeal from that order with the Circuit Court of Putnam County.[4] The appellee contended that the subject property was not unique as defined by the Putnam County Subdivision Regulations and that the Bennetts would not suffer a hardship if the requested variance was denied. By order dated November 19, 2004, the circuit court reversed the decision of the Commission and denied the Bennetts the variance. This appeal followed.

## II.

## STANDARD OF REVIEW

W.Va.Code § 8A–9–6(c) (2004) provides that, "In passing upon the legality of the decision or order of the planning commission, board of subdivision and land development appeals, or board of zoning appeals, the

---

4. The petition for appeal was filed pursuant to W.Va.Code § 8–24–38 (1969). While the appeal was pending, W.Va.Code § 8–24–38 was repealed, effective June 11, 2004. W.Va.Code § 8A–9–1 to –7 (2004) now sets forth the appeal process with regard to decisions of planning commissions.

court or judge may reverse, affirm or modify, in whole or in part, the decision or order." In Syllabus Point 5 of *Wolfe v. Forbes,* 159 W.Va. 34, 217 S.E.2d 899 (1975), this Court held that,

> While on appeal there is a presumption that a board of zoning appeals acted correctly, a reviewing court should reverse the administrative decision where the board has applied an erroneous principle of law, was plainly wrong in its factual findings, or has acted beyond its jurisdiction.

We recently explained that,

> "In cases where the circuit court has amended the result before the administrative agency, this Court reviews the final order of the circuit court and the ultimate disposition by it of an administrative law case under an abuse of discretion standard and reviews questions of law *de novo.*" Syl. Pt. 2, *Muscatell v. Cline,* 196 W.Va. 588, 474 S.E.2d 518 (1996).

Syllabus Point 2, *Corliss v. Jefferson County Board of Zoning Appeals,* 214 W.Va. 535, 591 S.E.2d 93 (2003). With these standards in mind, we now consider the parties' arguments.

### III.

### DISCUSSION

■ The appellants contend that the circuit court abused its discretion by reversing the decision of the Commission. The appellants argue that the findings of the Commission were not plainly wrong because they were supported by substantial evidence. The appellants further assert that the circuit court erroneously substituted its judgment for that of the Commission. We agree.

■ This Court has explained that "the plainly wrong standard of review is a deferential one, which presumes an administrative tribunal's actions are valid as long as the decision is supported by substantial evidence." *Conley v. Workers' Compensation Division,* 199 W.Va. 196, 199, 483 S.E.2d 542, 545 (1997). *See also* Syllabus Point 3, *In re Queen,* 196 W.Va. 442, 473 S.E.2d 483 (1996);

*Frymier–Halloran v. Paige,* 193 W.Va. 687, 695, 458 S.E.2d 780, 788 (1995). Substantial evidence is "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *In re Queen,* 196 W.Va. at 446, 473 S.E.2d at 487. A factual finding that is supported by substantial evidence is conclusive. *Id.* Consequently, "[n]either this Court nor the circuit court may supplant a factual finding of [the Commission] merely by identifying an alternative conclusion that could be supported by substantial evidence." *Id.*

In this case, the circuit court found that the Commission was plainly wrong with regard to two of its findings: first, that the subject property is "unique" and secondly, that a hardship to the owners would result if the variance was not granted. After thoroughly reviewing the record, we believe that there was substantial evidence supporting the Commission's findings.

The circuit court concluded that the Commission's finding that the property was "unique" was plainly wrong because the Bennett lot is one of four lots that borders Linden Road. In that regard, the circuit court stated that, "Tract 17 is not one of a kind or even two of a kind, but one of four bearing the same characteristic, i.e., frontage on two streets in two different subdivisions."[5] Thus, the court concluded that the Commission's finding that the property was unique was not supported by the evidence.

While it is true that the Bennett lot is not the only lot in Maplewood Estates which borders Linden Road, it is the only lot that has legal access to Linden Road. It is this fact, which was disregarded by the circuit court, that led the Commission to conclude that the subject property is unique. The Commission also noted that:

> The definition of "uniqueness" that has always been adhered to by the planning commission staff and the commission is if it is a lot that otherwise meets all other requirements of the ordinance but fronts on a street established before the ordinance was adopted that is in and of itself unique and meets that requirement.

---

**5.** We note that the Bennett lot is actually the only lot that is bordered by Linden Road on two sides

and the main street in Maplewood Estates on one side.

The appellee argues that although the Bennetts have a legal right to use Linden Road, their lot is not unique because the owners of the other three lots that border Linden Road could easily obtain permission to use the road. We disagree. As set forth above, the Bennetts had to file suit against the East Maplewood Estates Homeowners Association in order to obtain the right to use Linden Road. The agreement they reached was limited to their lot only and thus, at the time the variance was requested, the Bennetts were the only Maplewood Estates property owners who had the right to use Linden Road. As such, we believe there was substantial evidence supporting the Commission's finding that the Bennett lot is unique pursuant to the Putnam County Subdivision Regulations especially in light of the Commission's prior interpretation of the uniqueness requirement. As we explained in Syllabus Point 3 of *Corliss*, " 'Interpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous.' Syl. Pt. 4, *Security Nat'l Bank & Trust Co. v. First W. Va. Bancorp.*, 166 W.Va. 775, 277 S.E.2d 613 (1981)."

Likewise, we find that there was substantial evidence supporting the Commission's finding that the Bennetts would suffer a hardship if the variance was not granted. In that regard, there was uncontroverted evidence that absent the variance, the Bennetts would be deprived of the use of a significant portion of their property which otherwise met all the requirements for subdivision. Furthermore, the Commission found that there was a hardship because the Bennetts were elderly and in poor health and were conveying the property to their granddaughter so she could build a house close by and care for them. The Commission explained that, "Other variances for the width of the right-of-way have been previously approved by the Planning Commission for the division of property between family members if they meet the other requirements of the subdivision regulations."

Given the Commission's interpretation of the hardship requirement, we find that the circuit court abused its discretion by concluding that the Bennetts had to show that the effect of complying with the subdivision regulations was a hardship in relation to the physical attributes of the land and that such evidence was vacant from the record. The Bennetts clearly satisfied the requirements for a subdivision variance pursuant to the Putnam County Subdivision Regulations as interpreted by the Commission. The circuit court improperly substituted its own judgment for that of the Commission.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Putnam County entered on November 19, 2004, is reversed, and this case is remanded to the circuit court with directions to enter an order reinstating the decision of the Putnam County Planning Commission dated March 23, 2004, that granted a subdivision variance to Sherman and Helene Bennett.

Reversed and Remanded with Directions.