## 45328.   HOWLE v. PERSONNEL BOARD OF APPEALS OF EAST POINT.

BELL, Chief Judge. Appellant, a policeman, was suspended by the Chief of Police of East Point for 30 days and was later discharged for cause by the city council. He appealed the suspension and the discharge to the personnel board of appeals. Ga. L. 1967, p. 2186. After a hearing, the board denied the appeals. On certiorari, the superior court affirmed the decision of the board.

1. A witness called by the city gave testimony strongly tending to support the charge of conduct unbecoming a police officer. On cross examination, the witness declined to answer a clearly self-incriminatory question propounded by appellant's counsel. The board ruled that she did not have to answer. Appellant thereupon moved that all her testimony be stricken which was denied. The witness' claim of self-incrimination was with respect to a matter collateral to and unrelated to her testimony in chief which would bear only on her credibility. The Supreme Court, in its recent decision in the case of *Smith v. State,* 225 Ga. 328 (168 SE2d 587), held that when a witness on cross examination claims the privilege against self-incrimination as

to matters collateral to the direct examination, the witness' testimony may be considered. The holding in *Smith* applies in this instance and the striking of witness' direct testimony was not required.

2. The appellant was acquitted of criminal offenses in the Criminal Court of Fulton County. The city in this removal proceeding relied upon the same conduct which was the basis of the criminal accusations to support the charge against appellant. This was permissible as a proceeding, for the removal of a police officer is a civil and not a criminal proceeding. *City of Atlanta v. Stallings,* 198 Ga. 510 (32 SE2d 256). The record in a criminal prosecution is no bar to a subsequent civil action arising from the same occurrence. *Webb v. McDaniel,* 218 Ga. 366 (127 SE2d 900).

3. The board also heard testimony that appellant during the course of his employment had been on numerous occasions officially disciplined for a variety of infractions. The City Council's action in discharging appellant as reflected in its minutes, charged the appellant with repeatedly violating and failing to perform his duties and for conduct unbecoming his station, office, or position. In the light of the charge of repeatedly violating and failing to perform his duties, the consideration of appellant's disciplinary record was proper. See *Tibbs v. City of Atlanta,* 125 Ga. 18 (53 SE 811).

4. The evidence of record supports the board's findings of fact and its decision denying appellant's appeals and the judgment of the court below affirming the board will not be disturbed. *Hood v. Rice,* 120 Ga. App. 691 (172 SE2d 170).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*

SUBMITTED MAY 4, 1970—DECIDED JULY 2, 1970—

REHEARING DENIED JULY 24, 1970—

*Albert A. Roberts, Preston L. Holland,* for appellant.

*Archer, Patrick, Sidener & Thomason, James H. Archer, Jr.,* for appellee.