395 S.E.2d 787

STATE of West Virginia ex rel. Arden D. ASHLEY, Sheriff of Kanawha County, West Virginia

v.

CIVIL SERVICE COMMISSION FOR DEPUTY SHERIFFS OF KANAWHA COUNTY, et al., etc.

No. 19375.

Supreme Court of Appeals of West Virginia.

July 11, 1990.

Phillip D. Gaujot, Charleston, for State of W.Va. ex rel. Arden D. Ashley

W. Dale Greene, Charleston, for Mark Chadwick.

PER CURIAM:

This is an appeal by the Sheriff of Kanawha County from an order of the circuit court of that county dated December 16, 1988. That order affirmed a decision of the Civil Service Commission for Deputy Sheriffs for Kanawha County which directed that the sheriff reinstate, with back-pay, Mark Chadwick, a former deputy who had been suspended when he was indicted for a felony. On appeal, the sheriff claims that Deputy Chadwick did not make a timely request for a civil service hearing as required by *W.Va.Code*, 7–14–17(a), and that the subsequent proceedings in the case are

thus invalid. He also claims that the civil service commission granted back pay and reinstatement without conducting a proper hearing to determine if Deputy Chadwick's suspension was for just cause and if the circumstances justified a back-pay award.

After reviewing the record, this Court believes that the evidence suggests that Deputy Chadwick did timely request a hearing on his suspension and that the sheriff's argument on this point is without merit. The Court further believes, however, that the record shows that the commission failed to conduct a proper hearing and that, under the circumstances, the court erred in affirming the commission's decision. The judgment of the Circuit Court of Kanawha County is, therefore, reversed, and this case is remanded for a hearing before, and reconsideration by, the civil service commission.

On June 14, 1979, Mark Chadwick, a deputy sheriff of Kanawha County, was indicted in a United States District Court for violating federal controlled-substance laws.

On the day that Deputy Chadwick was indicted, the Sheriff of Kanawha County suspended him from the Sheriff's Department for an indefinite period. The suspension letter stated that the suspension was the result of Deputy Chadwick's being indicted for a felony. According to Deputy Chadwick, two days after the return of the indictment he delivered a letter to a member of the Civil Service Commission for Deputy Sheriffs of Kanawha County requesting a hearing on the suspension.

An attempt to try Deputy Chadwick on the federal felony indictment resulted in a mistrial in 1980. He was reindicted in 1984, and, at the conclusion of his second trial, on June 7, 1985, he was acquitted.

After being acquitted, Deputy Chadwick reopened the question of the validity of his suspension by demanding that he be reinstated with back pay. The sheriff denied the request on July 17, 1985. Deputy Chadwick protested the sheriff's action, and by letter dated July 17, 1985, he requested a hearing before the civil service commission on his entitlement to reinstatement with back pay.

A hearing was scheduled for September 18, 1985, but, since there was some question as to whether Deputy Chadwick had, in 1979, immediately after his suspension, preserved his rights by requesting a hearing, the hearing was limited to the question of whether Deputy Chadwick had made a hearing request in 1979.

At the hearing, Deputy Chadwick testified that he had challenged the original suspension in a letter which he had given to commission member Ciccarello. Member Ciccarello remembered receiving a document from Deputy Chadwick, but could not recall its contents. The document was not preserved in the record of the case. Based on this evidence, the commission found that Deputy Chadwick had presented the requisite notice to civil service commission member Ciccarello. The commission also ordered that Deputy Chadwick be reinstated to his position with full back pay for the period of his suspension.

After entry of the commission's order, the sheriff petitioned the Circuit Court of Kanawha County to prohibit the enforcement of the order. The circuit court considered that petition to be a petition for appeal and concluded that the commission's order did not contain findings of fact or conclusions of law sufficient to support a back-pay award and remanded the case to the civil service commission.

Upon remand, the commission did not hold a hearing as directed by the circuit court. Rather, it attempted to determine whether either party desired to introduce evidence. After some delay, and still without conducting a hearing, the commission, by order dated May 4, 1987, granted reinstatement and full back pay on the ground that the sheriff had failed to prove that the suspension of Deputy Chadwick was made for good cause.

On May 7, 1987, the sheriff moved to vacate and set aside the May 4 order. The commission denied the sheriff's request, and the sheriff appealed again to the circuit court. The circuit court, by its order dated December 16, 1988, affirmed the

commission's decision. The circuit court ruled that the record failed to show any independent effort on the part of the sheriff to establish wrongdoing other than the recital of the federal district court indictment, which subsequently resulted in an acquittal. The circuit court, in effect, ruled that the return of an indictment, standing alone, would not constitute good cause for dismissal which would relieve the sheriff of responsibility for reinstating Deputy Chadwick and paying him back pay. It is from the circuit court's December 16, 1988, order that the sheriff now appeals.

On appeal, the sheriff claims that it has not been established that Deputy Chadwick made a timely request for a hearing after his suspension, as required by *W.Va.Code*, 7–14–17(a) and that, under the circumstances, the circuit court erred in affirming the reinstatement order.

■ This Court has repeatedly indicated that a civil service commission is a fact-finding body and its rulings on questions of fact will not be reversed or set aside on appeal unless clearly wrong or based upon a mistake of law. *McDonald v. Young*, 173 W.Va. 168, 313 S.E.2d 445 (1984); *Pryor v. Hutchinson*, 167 W.Va. 679, 280 S.E.2d 325 (1981); *Childers v. Civil Service Commission*, 155 W.Va. 69, 181 S.E.2d 22 (1971). The rule is summarized in syllabus point 1 of *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971), as follows:

> A final order of a police civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law.

Although this standard was articulated in the context of a municipal police officers' civil service system, in *Mangum, Sheriff v. Lambert*, 183 W.Va. 184, 394 S.E.2d 879 (1990), the Court recognized that it was equally applicable to cases arising under a deputy sheriffs' civil service commission.

■ As previously stated, the civil service commission in the present case conducted a hearing on the question of whether the requisite notice was given. Deputy Chadwick indicated that he had given the notice in issue, and Arthur Ciccarello, a member of the commission, recalled receiving a document from Deputy Chadwick but could not recall the contents. From this evidence the commission concluded that the proper request had been made.

Obviously, the question of whether a request was made was a question of fact. The evidence convincingly shows that at the time a request was required Deputy Chadwick gave a member of the commission a document. Deputy Chadwick indicated that the document was a request. It is certainly plausible, and even probable, that the document was a request. Under the circumstances, the Court cannot conclude that the commission's conclusion that it was a request was clearly wrong or based upon a mistake of law.

The more significant question in this case is whether the commission, and the court by affirming the commission's order, erred in ordering the reinstatement and back pay without conducting a hearing to determine if Deputy Chadwick's suspension was for just cause, as required by *W.Va.Code*, 7–14–17. Critical to understanding this question is the fact that there is some confusion as to whether being indicted for a felony, in and of itself, constitutes good cause for suspending a law enforcement officer. The sheriff apparently is of the view that the return of an indictment can constitute good cause, while Deputy Chadwick, the civil service commission, and the circuit court are of the view that the return of an indictment does not constitute good cause unless it results in a conviction.

■ *West Virginia Code*, 7–14–17, requires that the dismissal of a deputy sheriff who has civil service protection be for just cause. Recently in *Mangum, Sheriff v. Lambert, supra*, this Court examined this requirement and stated in syllabus point 2 that:

> W.Va.Code, 7–14–17 (1981), requires that dismissal of a deputy sheriff covered by civil service be for just cause, which means misconduct of a substantial nature directly affecting the rights and interests of the public, rather than upon

trivial or inconsequential matters, or mere technical violations of statute or official duty without a wrongful intention.

Among other circumstances which have been considered just cause are involvement in activity which casts aspersions or doubt on a law enforcement officer's honesty and integrity and which directly affects the public's rights and interests. *See* 4 E. McQuillin, *The Law of Municipal Corporations* § 12.241 and § 12.253f (1985).

■ In *Mangum, Sheriff v. Lambert, Id.,* the Court implicitly recognized that a suspension or dismissal proceeding is distinct from a criminal proceeding, and in syllabus point 5 stated:

> Seriously wrongful conduct by a civil service employee can lead to dismissal even if it is not a technical violation of any statute. The test is not whether the conduct breaks a specific law, but rather whether it is potentially damaging to the rights and interests of the public.

In line with this, it has been recognized that acquittal of the criminal charge does not necessarily preclude removal of the employee on grounds growing out of the transaction in question. 4 E. McQuillin, *The Law of Municipal Corporations* § 12.241 at 362 (1985). *See, e.g., Howle v. Personnel Board of Appeals of the City of East Point,* 122 Ga.App. 276, 176 S.E.2d 663 (1970); *Commonwealth, Department of Justice, Bureau of Corrections v. Grant,* 22 Pa.Commw. 582, 350 A.2d 878 (1976); *Adkins v. North Platte Civil Service Commission,* 206 Neb. 500, 293 N.W.2d 411 (1980).

In *Commonwealth, Department of Justice, Bureau of Corrections v. Grant, supra,* the Pennsylvania court was confronted with a question similar to the present one. In that case a guard in a prison was arrested on a firearms charge. The following day he was suspended from his employment. He was subsequently found not guilty, and the Pennsylvania court was asked to determine whether the suspension was appropriate. The court noted that the guard was in a highly sensitive position which required him to avoid even the appearance of impropriety. The court also found that the public employer was not required to justify the suspension beyond a reasonable doubt. The court, in effect, concluded that where there was evidence suggesting that the guard had engaged in acts which created the appearance of impropriety, even if there was no conviction, the suspension was appropriate. In the later case of *Salvati v. Berks County Board of Assistance,* 81 Pa.Commw. 629, 474 A.2d 399 (1984), another suspension case, the court reached the same rule.

■ This Court believes that the overall thread running through the authorities is that the propriety of a suspension or dismissal where an arrest or indictment is involved should not hinge upon whether there is a subsequent conviction of the charge; rather it should be determined by whether there was misconduct of a substantial nature affecting the rights and interests of the public as discussed in *Mangum, Sheriff v. Lambert, supra.* The Court also believes that where an employee is in a sensitive position requiring him to avoid the appearance of impropriety, such as Deputy Chadwick in the present case, acts which reflect negatively on his honesty or integrity do potentially constitute misconduct of a substantial nature affecting the rights and interests of the public.

■ In the present case no hearing was conducted on the conduct which gave rise to the indictment against Deputy Chadwick, and from the record it is impossible to determine whether there was just cause, amounting to substantial misconduct, for the return of the indictment or whether its return was the errant and uninformed act of a grand jury.

*West Virginia Code,* 17–14–17, establishes the procedure to be followed when the removal of a deputy sheriff is contemplated. It specifies that a deputy shall not be removed, discharged, suspended, or reduced in rank or pay without just cause and further provides that, after receiving notice, the deputy may file an answer and demand a hearing. The statute states:

If the deputy sought to be removed, discharged, suspended or reduced shall demand it, the civil service commission shall grant him a public hearing ... At such hearing the burden shall be upon the removing, discharging, suspending or reducing sheriff, hereinafter in this section referred to as "removing sheriff," to justify his action, and in the event the removing sheriff fails to justify his action before the commission, then the deputy removed, discharged, suspended or reduced shall be reinstated with full pay, forthwith and without any additional order, for the entire period during which he may have been prevented from performing his usual employment, and no charges shall be officially recorded against his record ... A written record of all testimony taken at such hearing shall be kept and preserved by the civil service commission, which record shall be sealed and not be open to public inspection, if no appeal be taken from the action of the commission.

The statute further provides:

In the event that the civil service commission shall sustain the action of the removing sheriff, the deputy removed, discharged, suspended or reduced on or after the effective date [July 1, 1971] of this article, shall have an immediate right of appeal to the circuit court of the county. In the event that the commission shall reinstate the deputy removed, discharged, suspended or reduced, the removing sheriff shall have an immediate right of appeal to said circuit court ... Upon an appeal being taken and docketed with the clerk of the circuit court of said county, the circuit court shall proceed to hear the appeal upon the original record made before the commission and no additional proof shall be permitted to be introduced.

This language clearly indicates that the legislature contemplated that, if a deputy sheriff was removed, discharged, or suspended as provided in the statute, upon his protest to such action a hearing on the grounds forming the basis for the action should be conducted and a record should be made of that hearing. Obviously, as in the present case, such a record is necessary for a determination upon review of whether there was misconduct of a substantial nature directly affecting the rights and interests of the public which formed the basis of the action.

In the case presently before the Court, the circumstances giving rise to the finding of the indictment and the incident out of which the indictment grew were never fully developed in accordance with *W. Va. Code*, 7-14-17, in a hearing before the civil service commission. This Court, as previously indicated, cannot determine from the record if there was just cause for the action in the present case.

Since the law recognizes that Deputy Chadwick may be removed for just cause for an incident out of which an indictment grows, even if he is subsequently acquitted on the indictment, and since the record is inadequately developed for the Court to determine if just cause existed, the Court believes that the judgment of the Circuit Court of Kanawha County must be reversed and the case must be remanded for a full hearing on the circumstances surrounding the suspension of Deputy Chadwick and for redetermination on the just cause issue.

The judgment of the Circuit Court of Kanawha County is, therefore, reversed, and this case is remanded to the Civil Service Commission for Deputy Sheriffs of Kanawha County with directions that the civil service commission conduct a full hearing on the circumstances surrounding Deputy Chadwick's suspension, and that at the conclusion of that hearing the commission again determine whether there was just cause for the suspension.

Reversed and remanded with directions.