IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2017 Term

FILED
November 9, 2017

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-0840

ROBERT MATHENY,
SHERIFF OF HARRISON COUNTY,
Plaintiff Below, Petitioner

V.

LIEUTENANT GREGORY SCOLAPIO,
Defendant Below, Respondent

Appeal from the Circuit Court of Harrison County
Honorable Robert B. Stone, Judge
Civil Action No. 15-C-205-2

AFFIRMED

Submitted:  September 20, 2017
Filed:  November 9, 2017

Andrea L. Roberts
Harrison County Prosecutor's Office
Clarksburg, West Virginia
Attorney for the Petitioner

Sam H. Harrold, III
McNeer, Highland, McMunn and
   Varner, L.C.
Clarksburg, West Virginia
Attorney for the Respondent

John R. Teare, Jr.
Spilman Thomas & Battle, PLLC
Charleston, West Virginia
Attorney for Amicus Curiae,
West Virginia Sheriffs Association

JUSTICE DAVIS delivered the Opinion of the Court.

**CHIEF JUSTICE LOUGHRY concurs and reserves the right to file a concurring opinion.**

**JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.**

**SYLLABUS BY THE COURT**

1.      "The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo."  Syllabus point 1, *Staten v. Dean*, 195 W. Va. 57, 464 S.E.2d 576 (1995).

2.      "West Virginia Rule of Civil Procedure 24 . . . allows intervention of right in an action if an applicant meets four conditions: (1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant must show that the interest will not be adequately represented by existing parties."  Syllabus point 2, in part, *State ex rel. Ball v. Cummings*, 208 W. Va. 393, 540 S.E.2d 917 920 (1999).

3.      "A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."  Syllabus point 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).

4.      "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a

mandatory connotation." Syllabus point 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982).

5. "W. Va. Code § 7-14C-3 (1995) (Repl. Vol. 2006) contemplates two distinct types of hearings. The first type of hearing, which is governed by W. Va. Code §§ 7-14C-3(a&b), is a predisciplinary hearing, which is conducted before disciplinary action has been taken and is held before a hearing board. Alternatively, the second type of hearing, which is governed by W. Va. Code § 7-14C-3(b), is conducted after disciplinary action in the form of 'discharge, suspension or reduction in rank or pay' has been taken and is held in accordance with the provisions of W. Va. Code § 7-14-17 (1996) (Repl. Vol. 2006)." Syllabus point 6, *Burgess v. Moore*, 224 W. Va. 291, 685 S.E.2d 685 (2009).

6. "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if it terms are consistent therewith." Syllabus point 5, *State v. Snyder*, 64 W. Va. 659, 63 S.E. 385 (1908).

**Davis, Justice:**

The petitioner herein and plaintiff below, Robert Matheny,[1] Sheriff of Harrison County ("Sheriff Matheny" or "the Sheriff"), appeals from an order entered August 9, 2016, by the Circuit Court of Harrison County. By that order, the circuit court granted mandamus relief to the respondent herein and defendant below, Lieutenant Gregory Scolapio ("Lieutenant Scolapio"), finding that he was entitled to receive a hearing before the Harrison County Civil Service Commission for Deputy Sheriffs ("Commission") regarding the Sheriff's decision to terminate his employment. On appeal to this Court, Sheriff Matheny assigns error to the circuit court's ruling, arguing that Lieutenant Scolapio was not entitled to receive a civil service hearing. Lieutenant Scolapio, through a cross-assignment of error, challenges the circuit court's decision to permit the Sheriff to intervene in the subject proceedings. Upon a review of the parties' arguments, the record designated for appellate consideration, and the pertinent authorities, we conclude that the circuit court correctly determined that Lieutenant Scolapio was entitled to receive both a pre-disciplinary hearing

---

[1]On December 29, 2016, Robert Matheny was sworn in as the Sheriff of Harrison County, replacing former Sheriff Albert F. Marano, who was the Sheriff at the time of the underlying events leading to the case *sub judice*. Accordingly, pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we substitute Sheriff Matheny as the petitioner herein. *See* W. Va. R. App. P. 41(c) ("When a public officer is a party to an appeal or other proceeding in the Supreme Court in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. . . .").

1

board hearing and a hearing before the Commission.  We further find that it was proper to permit Sheriff Matheny to intervene in these proceedings.  Accordingly, the August 9, 2016, order of the Circuit Court of Harrison County is affirmed.

# I.

## FACTUAL AND PROCEDURAL HISTORY

Lieutenant Scolapio was the supervisor in charge of the bailiff division and assisted with courthouse security for the Harrison County Family Court.  On January 12, 2015, a circuit court juror brought a cooler containing his lunch into the courthouse and passed through courthouse security; thereafter, the cooler was left unattended in a hallway in the courthouse.  Lieutenant Scolapio allegedly was requested to assist with determining whether the unattended cooler was a "suspicious package" and allegedly failed to respond to such request for assistance.  Thereafter, the Sheriff initiated an internal investigation and issued a letter of suspension to Lieutenant Scolapio on January 20, 2015, which immediately suspended him with pay.  The letter further proposed that Lieutenant Scolapio be terminated and provided notice of his right to a hearing before a hearing board in accordance with W. Va. Code § 7-14C-3 (1995) (Repl. Vol. 2015).[2]

---

[2]For the text of W. Va. Code § 7-14C-3 (1995) (Repl. Vol. 2015), see Section III.B., *infra*.

2

Lieutenant Scolapio, by counsel, invoked his right to a pre-disciplinary hearing board hearing by letter dated January 21, 2015. The hearing was held on February 18, 2015. By decision dated February 26, 2015, the hearing board found "reasonable grounds" to terminate Lieutenant Scolapio's employment with the Harrison County Sheriff's Department. On February 26, 2015, Lieutenant Scolapio's status was changed from "suspended with pay" to "terminated."

On March 12, 2015, Lieutenant Scolapio filed a notice of appeal to the Commission, requesting a full, *de novo*, evidentiary hearing. By decision dated April 23, 2015, the Commission denied Lieutenant Scolapio's request for a hearing and stated that it would decide the matter based upon the record from the hearing board proceedings.

Lieutenant Scolapio then filed a petition for writ of mandamus in the Circuit Court of Harrison County on May 14, 2015, seeking to compel the Commission to provide him a *de novo* evidentiary hearing. By order entered August 9, 2016, the circuit court concluded that Lieutenant Scolapio was entitled to both a pre-disciplinary evidentiary hearing before the hearing board and a *de novo* evidentiary hearing before the Commission. Sheriff Matheny now appeals from the circuit court's decision[3] to this Court.[4]

---

[3]During the pendency of the circuit court mandamus proceedings, the Harrison County Deputy Sheriffs Civil Service Commission, based upon the hearing board record,

(continued...)

3

## STANDARD OF REVIEW

The case *sub judice* is before this Court on appeal from the circuit court's order granting mandamus relief to Lieutenant Scolapio. We previously have held that "[t]he standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo." Syl. pt. 1, *Staten v. Dean*, 195 W. Va. 57, 464 S.E.2d 576 (1995). *Accord* Syl. pt. 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008) ("A *de novo* standard of review applies to a circuit court's decision to grant or deny a writ of mandamus.").

Given that the circuit court awarded relief in mandamus, below, we also must consider whether the elements for granting a writ of mandamus have been satisfied. In this regard, we have held that

"[a] writ of mandamus will not issue unless three

---

[3](...continued)
issued its ruling on March 31, 2016, affirming, in part, and reversing, in part, the hearing board's decision, and ultimately affirming the hearing board's finding that the Sheriff had reasonable grounds to terminate Lieutenant Scolapio's employment. Lieutenant Scolapio appealed from this ruling to the circuit court on June 23, 2016. The instant proceeding before this Court is limited to a consideration of the merits of Lieutenant Scolapio's mandamus action in circuit court, in which the circuit court found that he was entitled to a hearing before the Civil Service Commission; the Commission's ultimate decision to uphold Lieutenant Scolapio's termination from employment is not at issue in the case *sub judice*.

[4]We appreciate the appearance of Amicus Curiae, the West Virginia Sheriffs Association, and will consider its contributions in our decision of this case.

elements coexist–(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W. Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969).

Syl. pt. 2, *Staten v. Dean*, 195 W. Va. 57, 464 S.E.2d 576. *Accord* Syl. pt. 2, *Myers v. Barte*, 167 W. Va. 194, 279 S.E.2d 406 (1981) ("To invoke mandamus the relator must show (1) a clear right to the relief sought; (2) a legal duty on the part of the respondent to do the thing relator seeks; and (3) the absence of another adequate remedy.").

Finally, insofar as the assignments of error at issue herein are resolved by the governing statutory law, we must determine whether the circuit court properly applied and interpreted the same. In this respect, we have held that "[i]nterpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995). *Accord* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving the interpretation of a statute, we apply a *de novo* standard of review."). Mindful of these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

During the proceedings below, the circuit court determined that the Sheriff had a right to intervene in the instant case and that Lieutenant Scolapio, who received a pre-disciplinary hearing before the hearing board, was entitled to a *de novo* evidentiary hearing before the Commission.

On appeal to this Court, Sheriff Matheney argues that the circuit court erred by ruling that Lieutenant Scolapio is entitled to a *de novo* evidentiary hearing before the Commission. In support of his position, the Sheriff claims that the governing statutes permit an appeal to the Commission, but that they do not specifically grant a *de novo* hearing before the Commission. Sheriff Matheny further relies on the language of W. Va. Code § 7-14-17 (1996) (Repl. Vol. 2015) providing that, in hearing an appeal from the Commission, the circuit court "shall . . . hear the appeal upon the original record made before the commission."

Lieutenant Scolapio responds that the circuit court correctly determined that he is entitled to *both* a pre-disciplinary hearing before the hearing board *and* a *de novo* evidentiary hearing before the Commission on appeal from the hearing board. He argues that both the governing statutes and this Court's prior decision in *Burgess v. Moore*, 224 W. Va.

6

291, 685 S.E.2d 685 (2009), recognize these two distinct types of hearings and an aggrieved employee's right to receive both. On cross-appeal, Lieutenant Scolapio assigns error to the circuit court's decision to grant the Sheriff's motion to intervene, contending that the circuit court erred in so ruling.

### A. *Intervention*

We first consider whether the circuit court erred by permitting the Sheriff to intervene in Lieutenant Scolapio's disciplinary proceedings. In rendering its ruling, the court found, by order entered June 2, 2016, that the "Sheriff's . . . Motion to Intervene was timely filed and that [the] Sheriff . . . has an interest in these proceedings." The circuit court additionally ruled that the Sheriff has a "narrow interest in the outcome of this particular case [mandamus proceedings] and a direct interest in the broader issues in this case that could affect future appeals of pre-disciplinary proceedings."

Given that the Sheriff is the party who initiated the underlying disciplinary proceedings against Lieutenant Scolapio, from which the case *sub judice* arises, it is clear that Sheriff Matheny has a cognizable interest herein. Moreover, the circuit court's order very nearly tracks and resolves the factors to be considered in determining whether a party may intervene in a particular proceeding:

> West Virginia Rule of Civil Procedure 24 . . . allows
> intervention of right in an action if an applicant meets four

7

conditions: (1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant must show that the interest will not be adequately represented by existing parties.

Syl. pt. 2, in part, *State ex rel. Ball v. Cummings*, 208 W. Va. 393, 540 S.E.2d 917 920 (1999). *See also* W. Va. R. Civ. P. 24 (addressing intervention). With respect to the final factor, even though the circuit court did not specifically find that the Sheriff's interest would not be adequately represented by existing parties, it goes without saying that, as the party initiating the disciplinary proceedings in the first instance, Sheriff Matheny is an essential party to any litigation related thereto and having an effect upon his decision to recommend disciplinary action be taken against Lieutenant Scolapio. Accordingly, we affirm the circuit court's ruling recognizing Sheriff Matheny's interest in this case and granting him intervenor status in accordance therewith.

### B. Entitlement to Hearing before the Commission

We next consider whether Lieutenant Scolapio was entitled to a *de novo* hearing before the Commission following his receipt of a pre-disciplinary hearing before the hearing board. In determining that Lieutenant Scolapio should receive the hearing before the Commission that he requested, the circuit court ruled as follows:

> It is the Court's opinion that the provisions of article 14C [W. Va. Code § 7-14C-1 *et seq.*], in addition to satisfying due

8

process requirements, serve a screening and investigative function.  The provisions of article 14C allow the sheriff and some of the deputy sheriff's peers to investigate and determine if there is a proper basis for discipline and what the particular discipline should be.  This interpretation does not supplant the role of the civil service commission in making an ultimate decision regarding removal, discharge, suspension, or reduction in rank or pay of a deputy sheriff[.]

The statute to which the circuit court refers in discussing the Commission's role is W. Va. Code § 7-14-17 (1996) (Repl. Vol. 2015), which provides, in pertinent part:

No deputy sheriff of any county subject to the provisions of this article may be removed, discharged, suspended or reduced in rank or pay except for just cause, which may not be religious or political, except as provided in section fifteen of this article; and no such deputy may be removed, discharged, suspended or reduced in rank or pay except as provided in this article and in no event until the deputy has been furnished with a written statement of the reasons for the action.  In every case of such removal, discharge, suspension or reduction, a copy of the statement of reasons therefor and of the written answer thereto, if the deputy desires to file such written answer, shall be furnished to the civil service commission and entered upon its records.  *If the deputy demands it, the civil service commission shall grant a public hearing, which hearing shall be held within a period of ten days from the filing of the charges in writing or the written answer thereto, whichever shall last occur.*  At the hearing, the burden shall be upon the sheriff to justify his or her action, and in the event the sheriff fails to justify the action before the commission, then the deputy shall be reinstated with full pay, forthwith and without any additional order, for the entire period during which the deputy may have been prevented from performing his or her usual employment, and no charges may be officially recorded against the deputy's record.  The deputy, if reinstated or exonerated, shall, if represented by legal counsel, be awarded reasonable attorney fees to be determined

9

> by the commission and paid by the sheriff from county funds. A written record of all testimony taken at the hearing shall be kept and preserved by the civil service commission, which record shall be sealed and not be open to public inspection unless an appeal is taken from the action of the commission.

W. Va. Code § 7-14-17(a) (emphasis added). To decide whether the circuit court correctly ruled, we must determine whether the circuit court properly construed and applied this statute.

When faced with a matter of statutory construction, we previously have held that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). Moreover, "if the legislative intent is clearly expressed in the statute, this Court is not at liberty to construe the statutory provision, but is obligated to apply its plain language." *Dan's Carworld, LLC v. Serian*, 223 W. Va. 478, 484, 677 S.E.2d 914, 920 (2009). *Accord* Syl. pt. 5, *State v. General Daniel Morgan Post No. 548, Veterans of Foreign Wars*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). Finally, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. pt. 2, *State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951). *Accord* Syl. pt. 2,

10

*Crockett v. Andrews*, 153 W. Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.").

The pivotal statutory language at issue herein provides as follows:

> No deputy sheriff . . . may be removed, discharged, suspended or reduced in rank or pay except as provided in this article . . . . *If the deputy demands it, the civil service commission shall grant a public hearing,* which hearing shall be held within a period of ten days from the filing of the charges in writing or the written answer thereto, whichever shall last occur.

W. Va. Code § 7-14-17(a) (emphasis added). We find this language to be plain and to require the Commission to provide Lieutenant Scolapio the *de novo* hearing before the Commission that he has requested. It is undisputed that, at the time that Lieutenant Scolapio requested a hearing before the Commission, *i.e.*, March 12, 2015, he already had been terminated insofar as he was discharged on February 26, 2015. Moreover, the parties also do not dispute the timeliness of his hearing request. Finally, the plain language of the statute states that, upon such a request, "the civil service commission *shall* grant a public hearing," W. Va. Code § 7-14-17(a). "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syl. pt. 1, *Nelson v. West Virginia Pub. Emps. Ins. Bd.*, 171 W. Va. 445, 300 S.E.2d 86 (1982). *Accord* Syl. pt. 2, *Terry v. Sencindiver*, 153 W. Va. 651, 171 S.E.2d 480 (1969). Thus, it is clear that the Commission was required to grant the

11

hearing requested by Lieutenant Scolapio.

Furthermore, this interpretation of the governing statutory language is consistent with our prior consideration of this provision. During our analysis of W. Va. Code § 7-14-17 in *State ex rel. Ashley v. Civil Service Commission for Deputy Sheriffs of Kanawha County*, 183 W. Va. 364, 395 S.E.2d 787 (1990) (per curiam), we observed that

> this language clearly indicates that the legislature contemplated that, if a deputy sheriff was removed, discharged, or suspended as provided in the statute, upon his protest to such action a hearing on the grounds forming the basis for the action should be conducted and a record should be made of that hearing.

*Id.*, 183 W. Va. at 369, 395 S.E.2d at 792. Additionally, in considering the statutory hearing scheme for a disciplined deputy sheriff, we held in Syllabus point 6 in *Burgess v. Moore*, 224 W. Va. 291, 685 S.E.2d 685 (2009), that

> W. Va. Code § 7-14C-3 (1995) (Repl. Vol. 2006) contemplates two distinct types of hearings. The first type of hearing, which is governed by W. Va. Code §§ 7-14C-3(a&b), is a predisciplinary hearing, which is conducted before disciplinary action has been taken and is held before a hearing board. Alternatively, the second type of hearing, which is governed by W. Va. Code § 7-14C-3(b), is conducted after disciplinary action in the form of "discharge, suspension or reduction in rank or pay" has been taken and is held in accordance with the provisions of W. Va. Code § 7-14-17 (1996) (Repl. Vol. 2006).

Accordingly, based upon the plain language of W. Va. Code § 7-14-17(a) and our prior decisions interpreting the same, we affirm the circuit court's ruling granting Lieutenant

12

Scolapio's request for mandamus relief and requiring the Commission to afford him a *de novo* evidentiary hearing.

Nevertheless, even if Lieutenant Scolapio had not been terminated before he requested a hearing before the Commission, the governing statutes clearly afford a deputy sheriff facing disciplinary action both a hearing before the hearing board *and* a hearing, either following the imposition of disposition or on appeal from the hearing board, before the deputy sheriffs civil service commission. In the case *sub judice*, upon learning of the disciplinary action proposed to be taken against him, Lieutenant Scolapio requested and received a pre-disciplinary hearing before the hearing board in accordance with W. Va. Code § 7-14C-3 (1995) (Repl. Vol. 2015):

> (a) If the investigation or interrogation of a deputy sheriff results in the recommendation of some punitive action, then, before taking punitive action the sheriff shall give notice to the deputy sheriff that he or she is entitled to a hearing on the issues by a hearing board. The notice shall state the time and place of the hearing and the issues involved and be delivered to the deputy sheriff not less than ten days prior to the hearing. An official record, including testimony and exhibits, shall be kept of the hearing.

> (b) The hearing shall be conducted by the hearing board of the deputy sheriff except that in the event the recommended punitive action is discharge, suspension or reduction in rank or pay, and the action has been taken, the hearing shall be pursuant to the provisions of section seventeen, article fourteen of this chapter, if applicable. Both the sheriff and the deputy sheriff shall be given ample opportunity to present evidence and argument with respect to the issues involved.

13

(c) With respect to the subject of any investigation or hearing conducted pursuant to this section, the hearing board may subpoena witnesses and administer oaths or affirmations and examine any individual under oath and may require and compel the production of records, books, papers, contracts and other documents.

(d) Any decision, order or action taken as a result of the hearing shall be in writing and shall be accompanied by findings of fact. The findings shall consist of a concise statement upon each issue in the case. A copy of the decision or order and accompanying findings and conclusions, along with written recommendations for action, shall be delivered or mailed promptly to the deputy sheriff or to his or her attorney of record.

Following the hearing board's hearing in this case and finding of "reasonable grounds" to support the proposed disciplinary action of terminating Lieutenant Scolapio's employment, Lieutenant Scolapio invoked his statutory right to appeal the hearing board's decision.

W. Va. Code § 7-14C-5 (1995) (Repl. Vol. 2015) establishes the procedure for appealing an adverse hearing board decision:

Any deputy sheriff adversely affected by any decision, order or action taken as a result of a hearing as herein provided has the right to appeal the decision, order or action to the deputy sheriff's civil service commission, in the manner provided for in section fifteen, article fourteen of this chapter.

The sheriff may also appeal the decision of the hearing board if he or she believes the department would be adversely affected by the order or action of the hearing board.

The order or action of the hearing board is binding upon all involved parties unless overturned in the appeal process by the deputy sheriff's civil service commission or the circuit court

14

of the county wherein the affected parties reside.

Pursuant to the referenced section governing such appeals, W. Va. Code § 7-14-15 (2007) (Repl. Vol. 2015), which pertains primarily to prohibited political activities, provides, in pertinent part:

> An appeal from the ruling of the commission [pertaining to prohibited political activities] may be had in the same manner and within the same time as specified in section seventeen of this article for an appeal from a ruling of a commission after hearing held in accordance with the provisions of said section.

W. Va. Code § 7-14-15(f). Finally, W. Va. Code § 7-14-17 discusses a deputy sheriff's right to appeal an unfavorable ruling:

> (b) In the event the civil service commission sustains the action of the sheriff, the deputy has an immediate right of appeal to the circuit court of the county. In the event that the commission reinstates the deputy, the sheriff has an immediate right of appeal to the circuit court. In the event either the sheriff or the deputy objects to the amount of the attorney fees awarded to the deputy, the objecting party has an immediate right of appeal to the circuit court. Any appeal must be taken within ninety days from the date of entry by the civil service commission of its final order. Upon an appeal being taken and docketed with the clerk of the circuit court of the county, the circuit court shall proceed to hear the appeal upon the original record made before the commission and no additional proof may be permitted to be introduced. The circuit court's decision is final, but the deputy or sheriff, as the case may be, against whom the decision of the circuit court is rendered has the right to petition the supreme court of appeals for a review of the circuit court's decision as in other civil cases. The deputy or sheriff also has the right, where appropriate, to seek, in lieu of an appeal, a writ of mandamus. The deputy, if reinstated or exonerated by the circuit court or by the supreme court of appeals, shall, if represented by legal counsel, be awarded

15

reasonable attorney fees as approved by the court and the fees shall be paid by the sheriff from county funds.

W. Va. Code § 7-14-17(b).

Though not a model of clarity, it is clear that the referenced statutory scheme contemplates a second, *de novo* hearing before the commission. This is so because *both* W. Va. Code § 7-14-15(f) and W. Va. Code § 7-14-17(b) specifically refer to a "ruling of the commission," *not* the hearing board. Moreover, W. Va. Code § 7-14-17(b) directs a final appeal to be heard by the circuit court of the county involved in such proceedings. Where a legislative enactment works in tandem with other promulgations to form a comprehensive statutory scheme, we have held that

> [a] statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if it terms are consistent therewith.

Syl. pt. 5, *State v. Snyder*, 64 W. Va. 659, 63 S.E. 385 (1908). Here, the Legislature could have referred an appeal from the hearing board directly to circuit court in W. Va. Code § 7-14C-5 had that been its intent. However, it did not. Instead, the Legislature directed aggrieved parties through a circuitous and confusing statutory labyrinth, instructing that a hearing board appeal be conducted in the same manner as an appeal from the commission.

16

*See* W. Va. Code § 7-14-15(f). Moreover, an appeal from the commission necessarily requires, as a prerequisite, a decision that has been made by the commission from which such appeal may be taken. Thus, it is apparent that, regardless of whether disciplinary action was taken against Lieutenant Scolapio before he requested a hearing before the Commission, he was entitled to *both* a pre-disciplinary hearing before the hearing board *and* a hearing before the Commission, with a right to appeal the Commission's ultimate decision to circuit court. Any other interpretation of these provisions would be nonsensical and require the performance of a futile act, *i.e.*, adherence to the various procedures set forth in W. Va. Code §§ 7-14-15 & 7-14-17 on appeal from an adverse hearing board ruling, which result cannot conceivably have been intended by the Legislature. *See generally* Syl. pt. 4, *State ex rel. Hardesty v. Aracoma-Chief Logan No. 4523, Veterans of Foreign Wars of the United States, Inc.*, 147 W. Va. 645, 129 S.E.2d 921 (1963) ("It is always presumed that the legislature will not enact a meaningless or useless statute."); Syl. pt. 2, *Newhart v. Pennybacker*, 120 W. Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made."). Accordingly, we find no error with the circuit court's ruling affording Lieutenant Scolapio a *de novo* hearing before the Harrison County Civil Service Commission for Deputy Sheriffs.

## IV.

## CONCLUSION

For the foregoing reasons, the August 9, 2016, order of the Circuit Court of Harrison County is hereby affirmed.

Affirmed.